UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUNIPER NETWORKS, INC.,

    Plaintiff(s),

    v.

MOSAID TECHNOLOGIES INC.,

    Defendant(s).

_____/

No. C 11-6264 PJH

**ORDER GRANTING MOTION TO TRANSFER; VACATING HEARING**

    Before the court is the motion of defendant MOSAID Technologies, Inc. ("MOSAID") to dismiss the complaint of plaintiff Juniper Networks, Inc.'s ("Juniper"), or in the alternative to transfer it to the District of Delaware. Because a hearing would not be helpful to the court, the March 28, 2012 date for hearing is VACATED, and the court rules on the motion as follows.

    According to the complaint, Juniper is in the "business of network innovation," MOSAID is an intellectual property company whose business consists of licensing "patented semiconductor and wireless/wireline communications IP" and developing "innovative semiconductor memory technology." See Complaint, ¶ 6. MOSAID "purchases and/or invests in patents with the goal of licensing or enforcing those patents against other companies and collecting royalties." Id.

    Juniper's principal place of business is in Sunnyvale, California. Id. at ¶ 1. MOSAID's principal places of business are in Ottawa, Ontario and in Plano, Texas. Id. at ¶ 2.

    Juniper seeks declaratory relief of non-infringement in response to a dispute between itself and MOSAID, in which MOSAID contends that Juniper has infringed three of

its patents: (1) U.S. Patent No. 5,892,914 ("the 914 Patent"), entitled "System for Accessing Distributed Data Cache at Each Network Node to Pass Data Requests and Data;" (2) U.S. Patent No. 5,611,049 ("the 049 Patent"), entitled "System for Accessing Distributed Data Cache Channel at Each Network Node to Pass Requests and Data;" and (3) U.S. Patent No. 6,205,475 ("the 475 Patent"), entitled "Request Interceptor in Network Nodes for Determining Local Storage of File Image Satisfying Predetermined Criteria. Id. at ¶¶ 2-3, 7-9. Specifically, MOSAID claims that Juniper has allegedly infringed the 914 Patent and the 049 Patent by testing and demonstrating its "Media Flow Solution" and "Media Flow Controllers." Id. at ¶¶ 11, 17. As for the 475 patent, Juniper has allegedly infringed it by "making, using, importing, selling and/or offering for sale [] data storage devices," including the Media Flow Solution and Media Flow Controllers. Id. at ¶ 23.

Juniper contends that it has not infringed any valid claim of the patents and that the patents are invalid for failing to satisfy the conditions of patentability and/or the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112. Id. at ¶¶ 12-13, 18-19, 24-25.

On August 9, 2011, MOSAID filed a patent infringement suit against Juniper, along with other parties, in the District of Delaware ("the Delaware Action"). See Opposition at 6:4-6; MOSAID's Motion to Dismiss at 2:21-24. The Delaware Action is entitled MOSAID Technologies, Inc. v. Adobe Systems, Inc., et al. (No. CV11-00698-GMS).

On October 6, 2011, MOSAID filed a First Amended Complaint ("FAC") in the Delaware Action, asserting that Juniper's Media Flow Controllers infringe the '914 Patent. And on December 7, 2011, MOSAID filed a Motion for Leave to file a Second Amended Complaint ("SAC") to allege that Juniper's Media Flow Controllers infringe, in addition, the '049 Patent and the '475 Patent. This motion was opposed by Juniper and the other defendants and is currently pending.

On December 13, 2011, Juniper filed the instant complaint in the Northern District of California, seeking declaratory judgment that it is not infringing the three patents that are the subject of the Delaware Action and that the three patents are invalid.

Now before the court is MOSAID's motion to dismiss for lack of personal jurisdiction or in the alternative, transfer the case to the District of Delaware pursuant to the first-to-file rule. Because the court finds that the first to file rule is dispositive and that the motion to dismiss presents a much closer call, the court addresses only the motion to transfer.

The first-to-file rule "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). In determining whether to apply the first-to-file rule, a court must consider three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. See Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003). If the first-to-file rule applies, the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 622 (9th Cir. 1991). An exception to the first-to-file rule arises when "the balance of convenience weighs in favor of the later-filed action." See Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994); Genentech, Inc. v. GlaxoSmithKline LLC, 2010 WL 4923594 at *2 (N.D. Cal., Dec. 1, 2010) (exception analogous to the "convenience of parties and witnesses" under a transfer of venue motion, 28 U.S.C. § 1404(a)). However, it is the court with the first-filed action that should normally weigh the balance of convenience and any other factors that might create an exception to the first-to-file rule. See Alltrade, Inc., 946 F.2d at 628.

Here, the instant case satisfies all three factors of the first-to-file rule. First, the Delaware Action was filed approximately four months before the present action was filed in this court. MOSAID initiated the Delaware Action on August 9, 2011 by filing a complaint in the District of Delaware. On December 13, 2011, Juniper filed the instant action in this District. Second, the parties are not just substantially similar – they are identical, as both Juniper and MOSAID are parties to both actions. Although the Delaware Action involves

3

five additional defendants, these additional defendants do not alter the fact that Juniper and MOSAID are parties to both the Delaware Action and the instant action. Third, the issues are similar because the three patents at issue in the present case are also at issue in the Delaware Action. Juniper contends that two of the patents at issue, the '049 Patent and the '475 Patent, are not yet at issue in the Delaware Action because they were added by MOSAID's motion for leave to file a SAC, which is still pending. However, Juniper does not allege any reasons why, given the youth of the Delaware Action, the Delaware district court would not grant leave to amend, nor does it describe how a granting of the motion would prejudice Juniper. Moreover, MOSAID alleges that all three patents "cover the same technology [and] share a common specification," and that all three patents are infringed by the same accused products owned by Juniper. In sum, all the elements for application of the first-to-file rule are satisfied, and the Delaware Action is clearly the first-filed action.

Insofar as Juniper contends that the balance of convenience factors weighs in favor of departing from the application of the first-to-file rule, the court finds that this determination should be made by the Delaware court, as the court in which the first action was filed.

Accordingly, the court GRANTS the motion to transfer this action to the District of Delaware.

**IT IS SO ORDERED.**

Dated: March 26, 2012

PHYLLIS J. HAMILTON
United States District Judge

4